UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE CITY OF CHICAGO,<br><br>      Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES,<br><br>      Defendant. | Civil Action No. 1:18-cv-6859<br><br>Hon. Harry D. Leinenweber |

**CHICAGO'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

  The City of Chicago respectfully moves for leave to cite the Edward Byrne Memorial Justice Assistant Grant (JAG) Program Fiscal Year 2019 Local Solicitation ("FY 2019 Local Solicitation") (attached as Ex. 1), in support of its pending Motion for Partial Summary Judgment and Opposition to the Attorney General's Motion to Dismiss (Dkt Nos. 48, 50). The FY 2019 Solicitation confirms that, as the FY 2019 JAG state solicitation indicated, *see* Dkt. No. 64 at 3, the Attorney General still has not heeded the message of this Court's original ruling concerning his conditions on the Byrne JAG program. At this point, there can be no doubt of the Attorney General's commitment to the Byrne JAG conditions at issue here, notwithstanding this Court's ruling (and the rulings of five other district courts and two courts of appeals) that materially identically conditions are unlawful. Nor can there be any doubt that forward-looking injunctive relief for all future program years is warranted to put a stop to this cycle of unlawful *ultra vires* action.

  In support of this Motion, Chicago states as follows:

1. On July 26, 2019, the Department of Justice Office of Justice Programs issued the FY 2019 Solicitation, which identifies the conditions that generally will apply to FY 2019 Byrne JAG funds. As relevant here, the Solicitation contains five conditions that Chicago has already challenged because they were likewise included in the FY 2017 or FY 2018 solicitations, or both.

2. Three of the conditions set forth in the FY 2019 Solicitation are materially identical to the FY 2017 conditions that this Court has already enjoined: (1) a "notice condition," which requires Chicago to provide "advance notice" to federal immigration enforcement agents of the release date and time for a particular alien upon request; (2) an "access condition," which requires Chicago to allow federal agents to access local correctional facilities for the purpose of interrogating City detainees; and (3) a "Section 1373 compliance condition," which requires Chicago to comply with 8 U.S.C. § 1373. This Court issued a permanent injunction against the FY 2017 version of these conditions in August 2018. *City of Chicago v. Sessions*, 3221 F. Supp. 3d 855, 873-876 (N.D. Ill. 2018), *appeal pending* No. 18-2885 (7th Cir.); Final Judgment & Order, *City of Chicago v. Sessions*, No. 17-5720 (N.D. Ill. Aug. 15, 2018), ECF No. 211.

3. The FY 2018 solicitation contained these same conditions and added a fourth: a "Section 1644 compliance condition," which requires Chicago to comply with 8 U.S.C. § 1644. That condition is materially identical to the Section 1373 compliance condition, as even the Attorney General admits. Chicago's request for a permanent injunction prohibiting the Attorney General from imposing these conditions on FY 2018 Byrne JAG funds or any Byrne JAG awards made in future fiscal years (including FY 2019) is currently pending before this Court. Dkt. No. 48.

4. Every court to have considered the notice, access, and Section 1373 and Section 1644 conditions has held them to be unauthorized by Congress, *ultra vires*, and a violation of the constitutional principles of Federalism and the Separation of Powers. *See, e.g., City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289 (E.D. Pa. 2018), *aff'd in part, vacated in part sub nom. City of Philadelphia v.*

*Attorney Gen.*, 916 F.3d 276 (3d Cir. 2019); *see also, e.g.*, *City of Providence v. Barr*, --- F. Supp. 3d ----, 2019 WL 2420549 (D. R.I. June 10, 2019); *New York v. Dep't of Justice*, 343 F. Supp. 3d 213, 243-246 (S.D.N.Y. 2018); *California ex rel. Becerra v. Sessions*, 2018 WL 6069940 (N.D. Cal. Nov. 20, 2018); *City & County of San Francisco v. Sessions*, 349 F. Supp. 3d 924, 944 (N.D. Cal. 2018); Order, *Los Angeles v. Sessions*, No. 17-cv-7215 (C.D. Cal. Sept. 13, 2018), ECF No. 93.

5. A fifth condition in the FY 2019 Solicitation is similar to the "harboring condition" contained in Chicago's FY 2018 Byrne JAG award. The new FY 2019 harboring condition prohibits Chicago from "publicly disclos[ing] federal law enforcement information in an attempt to conceal, harbor, or shield certain individuals from detection," Ex. 1 at 23; the FY 2018 harboring condition similarly prohibits Chicago from making any "public disclosure" of any "federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection" any "fugitive" or "alien," Defs.' Request for Judicial Notice, Dkt. No. 44-1, Ex. C ¶ 44.

6. The FY 2018 version of the harboring condition has been rejected as unauthorized by Congress, *ultra vires*, and a violation of the Separation of Powers by those courts that have reached a decision on the lawfulness of the condition. *See City & County of San Francisco v. Sessions*, 372 F. Supp. 3d 928, 949-950 (N.D. Cal. 2019); *City of Los Angeles v. Sessions*, No. CV-18-7347-R, 2019 WL 1957866, at *5 (C.D. Cal. Feb. 15, 2019).

7. Chicago's requested permanent injunction would prohibit the Attorney General from imposing the notice condition, access condition, Section 1373 and Section 1644 conditions, and the harboring condition, and all materially similar conditions, in FY 2018 or in future grant years (including FY 2019). Dkt. 50 at 24-25.

8. The FY 2019 Solicitation shows that the Attorney General intends to continue his present course of action unless restrained from doing so in clear, forward-looking terms. This Court permanently enjoined the Attorney General's conditions in FY 2017. Nonetheless, Chicago was

required to file this lawsuit to force the Attorney General to temporarily suspend *some* of the challenged conditions. Dkt. No. 51 ¶¶ 34, 37. Now, with his announcement that he will do it all again in FY 2019, the Attorney General seems determined to draw Chicago into triplicate litigation over the same plainly unlawful conditions.

9. This Court can put an end to the Attorney General's illegal efforts to strong-arm Chicago into aiding in federal civil immigration enforcement efforts by issuing a permanent injunction in this case that covers not only FY 2018, but also FY 2019 and any future program years.

WHEREFORE, Chicago respectfully requests leave to cite the attached FY 2019 Solicitation as supplemental authority in support of its Motion for Partial Summary Judgment and its Opposition to the Attorney General's Motion to Dismiss.

| | |
|---|---|
| August 1, 2019 | Respectfully Submitted, |
| | MARK A. FLESSNER<br>Corporation Counsel<br>  of the City of Chicago |
| | By /s/ Andrew W. Worseck |
| JAMIE S. GORELICK (*pro hac vice*) | ANDREW W. WORSECK |
| DAVID W. OGDEN (*pro hac vice*) | Chief Assistant Corporation Counsel |
| ARI HOLTZBLATT (*pro hac vice*) | JUSTIN A. HOUPPERT |
| ARI SAVITZKY (*pro hac vice*) | SCOTT D. SPEARS |
| JUSTIN BAXENBERG (*pro hac vice*) | Assistant Corporation Counsel |
| MOLLY JENNINGS (*pro hac vice*) | 30 N. LaSalle Street, Suite 800 |
| ARI EVANS (*pro hac vice*) | Chicago, IL 60602 |
| WILMER CUTLER PICKERING HALE<br>  AND DORR LLP | (312) 744-7129 |
| 1875 Pennsylvania Avenue NW | RONALD S. SAFER |
| Washington, DC 20006 | MATTHEW C. CROWL |
| (202) 663-6000 | NICK KAHLON |
| | TAL CHAIKEN |
| DEBO P. ADEGBILE (*pro hac vice*) | RILEY SAFER HOLMES & CANCILA LLP |
| WILMER CUTLER PICKERING HALE<br>  AND DORR LLP | Three First National Plaza |
| 7 World Trade Center | 70 West Madison Street, Suite 2900 |
| 250 Greenwich Street | Chicago, IL 60602 |
| New York, NY 10007 | (312) 471-8700 |
| (212) 230-8800 | *Attorneys for the City of Chicago* |