IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE CITY OF CHICAGO**, *Plaintiff*, v. **WILLIAM P. BARR**, Attorney General of the United States., *Defendant*. | Civil Action No. 1:18-cv-06859 Hon. Harry D. Leinenweber |

### DEFENDANT'S RESPONSE TO CHICAGO'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Despite the close of briefing in this matter, Plaintiff seeks not only to cite the newly-released Fiscal Year 2019 Byrne JAG solicitation, but to also add four more pages of argument to its 40 pages of earlier briefing in this case. *See* Chicago's Motion for Leave to Cite Supplemental Authority in Support of its Motion for Summary Judgment ("Supplement Authority Motion") (ECF No. 75).

Defendant has no objection to this Court taking judicial notice of the Fiscal Year 2019 Byrne JAG solicitation (attached as an exhibit to the Plaintiff's Supplement Authority Motion (ECF No. 75-1)). Indeed, it is a publicly-available document. Defendant does, however, object to the four pages of extraneous argument that is included in Plaintiff's motion, as briefing on this matter is now closed. That argument is improper and is not necessary to the Court's decision in this case.

The gist of Plaintiff's argument is that, because the FY 19 Byrne JAG program contains conditions that resemble the conditions challenged in the FY 18 program, this further supports Plaintiff's demand for an ongoing, forward-looking, program-wide injunction. *See* Supplemental

Authority Motion, ¶ 9; Reply in Support of Chicago's Cross-Motion for Partial Summary Judgment (ECF No. 64) at 11-12.

The Defendant acknowledges that this Court and other district courts have ruled against the challenged conditions in particular cases. And the United States Government is fully complying with orders in these cases. But the Defendant still has the right to appeal these decisions, and he is doing so. Those appeals are currently pending in various circuit courts, including in the Seventh Circuit. Until the appeal process is completed, there is nothing inappropriate or improper about similar conditions appearing in future grants. In fact, to not include such conditions in future grants would prevent the United States Government from executing its preferred policy in this area in the event that it prevails on appeal, even if those conditions are not enforceable in the short-run during those appeals.

## CONCLUSION

Accordingly, for these reasons, the Defendant has no objection to the Court taking judicial notice of the FY 2019 Byrne JAG solicitation. The Court, however, should reject the Plaintiff's four pages of extraneous and improper argument that comes late after the closing of briefing in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN TYLER
Assistant Director

/s/ Daniel D. Mauler
DANIEL D. MAULER
Virginia State Bar No. 73190
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20001
Tel: (202) 514-8095
Fax: (202) 616-8470

                E-mail: dan.mauler@usdoj.gov
                *Counsel for Defendants*