IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE CITY OF CHICAGO,**<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**WILLIAM P. BARR, Attorney General of the United States,**<br><br>　　　　　　Defendant. | Case No. 18 CV 06859<br><br>Judge Harry D. Leinenweber |

**FINAL JUDGMENT AND ORDER**

Now, this 10th day of October 2019, for the reasons set forth in the Court's Memorandum Opinion of September 19, 2019 (Dkt. 80), it is hereby **ORDERED** that judgment be entered in favor of Plaintiff, the City of Chicago (the "City" or "Chicago"), and against Defendant, William P. Barr, in his official capacity as Attorney General of the United States. Consistent with Federal Rule of Civil Procedure 65 and 5 U.S.C. § 706, the Court grants the City declaratory and injunctive relief as set forth below.

Through this lawsuit, the City challenges the Attorney General's decision to attach six conditions to the FY 2018 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG"), specifically:

> 1. The "Notice Condition" requires that Byrne JAG recipients "provide—as early as practicable… —advance notice to [the Department of Homeland Security (DHS)] of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice."

1

2. The "Access Condition" requires that Byrne JAG recipients permit federal government agents "access to any State or local government (or government-contracted) correctional facility by such agents for the purpose" of "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."

3. The "Section 1373 Compliance Condition" requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1373.

4. The "Section 1644 Compliance Condition" requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1644.

5. The "Harboring Condition" prohibits Byrne JAG recipients from making any "public disclosure… of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12—without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a)."

6. The "Additional Certification Requirement" requires the recipient jurisdiction to submit "Certifications and Assurances by the Chief Executive of the Applicant Government." The condition incorporates a requirement that the City's Chief Legal officer certify that "neither the jurisdiction nor any entity, agency, or official of the jurisdiction has in effect … any law, rule, policy, or practice that would apply to the 'program or activity' to be funded … that would or does—(a) impede the exercise by federal officers of authority under 8 U.S.C. § 1357(a); or (b) impede the exercise by federal officers of authority relating to 8 U.S.C. § 1226(a) or (c), 8 U.S.C. § 1231(a), or 8 U.S.C. § 1366(1) or (3)."

These conditions are referred to herein as the "Challenged Conditions."

## I. DECLARATORY RELIEF

For the reasons stated in the Court's aforementioned Memorandum Opinion, the Court declares that 8 U.S.C. §§ 1373 and 1644 violate the Tenth Amendment's anticommandeering principles and are therefore facially unconstitutional.

The Court further declares that the Attorney General exceeded the authority delegated by Congress in the Byrne JAG statute (34 U.S.C. § 10151 et seq.) and in 34 U.S.C. § 10102(a), in attaching the Challenged Conditions to the FY 2018 Byrne JAG grant.

Finally, the Court declares that the Attorney General's decision to attach the Challenged Conditions to the FY 2018 Byrne JAG grant violated the constitutional principle of separation of powers.

## II. PERMANENT INJUNCTION

For the reasons stated above and in the Court's Memorandum Opinion, it is hereby **ORDERED** that the Attorney General's decision to attach the Challenged Conditions to the FY 2018 Byrne JAG grant is set aside and shall have no legal effect. The Attorney General is enjoined from denying or delaying issuance of any FY 2018 Byrne JAG award insofar as that denial or delay is based on the Challenged Conditions. The Attorney General is further enjoined from denying or delaying issuance of the Byrne JAG award in FY 2019 or any other future program year insofar as that denial or delay is based on the Challenged Conditions or materially identical conditions. Prohibited conduct includes: using the Challenged Conditions, or materially identical conditions, in any Byrne JAG award document; delaying the processing or approval of a recipient's requests to draw upon Byrne JAG funds based on the Challenged Conditions or materially identical conditions; and enforcing the Conditions or materially identical conditions against Byrne JAG recipients, regardless of whether those conditions appeared in Byrne JAG award documents. No

recipient's acceptance of its Byrne JAG award may be construed as acceptance of the Challenged Conditions or materially identical conditions. For purposes of this injunction, "delay" means the failure or refusal to take an action that the Attorney General has taken for any other Byrne JAG recipient, if that failure or refusal is based in any way on (1) an applicant's compliance or lack of compliance with the Challenged Conditions or materially identical conditions or (2) litigation involving the Challenged Conditions or materially identical conditions, including if such failure or refusal is based on the Attorney General's seeking to preserve the ability to impose or enforce the Challenged Conditions or materially identical conditions in the future.

This Order applies to the Attorney General's imposition of the Challenged Conditions and any materially identical conditions on the Byrne JAG grant program in FY 2018 and all future grant years. Its effects run to the benefit of all Byrne JAG applicants and recipients are not limited to the City of Chicago and its sub-grantees. However, for the reasons set forth in Court's Memorandum Opinion, the Court enters a stay of the injunction as to all Byrne JAG grantees other than the City of Chicago and its sub-grantees. The stay shall terminate automatically if the Seventh Circuit issues a final ruling in *City of Chicago v. William Barr*, No. 18-2885 (7th Cir.) that affirms the nationwide application of the FY 2017 injunction.

### III. FINAL JUDGMENT

The only remaining Count in this case is Count VI. The parties have agreed to dismiss that Count without prejudice, and the Court accordingly dismisses Count VI

without prejudice. There being no Counts remaining to be decided on the merits, the Court now enters final judgment in this case. Fed. R. Civ. P. 58.

## IV. ATTORNEYS' FEES AND COSTS

Plaintiff may still seek reasonable attorneys' fees and costs in this matter. 28 U.S.C. § 2412. Defendants are entitled to object to or oppose any attempt by Plaintiff to recover the same. Any motion regarding attorneys' fees and costs shall be made in accordance with the procedures and schedule set forth in Local Rule 54.3.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 10/10/2019