## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**THE CITY OF CHICAGO,**

<div style="margin-left:2em">*Plaintiff,*</div>

<div style="margin-left:2em">*v.*</div>

**WILLIAM P. BARR,**
**Attorney General of the United States**

<div style="margin-left:2em">*Defendant.*</div>

Civil Action No. 1:18-cv-6859
Hon. Harry D. Leinenweber

## JOINT STATEMENT CONCERNING
## EFFECT OF SEVENTH CIRCUIT JUDGMENT

As ordered by the Court on August 14, 2020, the parties have met and conferred concerning the recent Court of Appeals decision in this case and submit the following joint statement concerning the final judgment and order that this Court entered on October 10, 2019, ECF No. 86.

The judgment of the Court of Appeals directed this Court to address two matters: (1) whether "any other injunctive relief is appropriate in light of our determination that § 10153 cannot be used to incorporate laws unrelated to the grants or grantees" and (2) to "modify the injunction to require the Attorney General to calculate the City of Chicago's Byrne JAG grant as if the challenged conditions were universally inapplicable to all grantees." *City of Chicago v. Barr*, 961 F.3d 882, 931-932 (7th Cir. 2020). Each of those matters is addressed below in turn.

### A. Additional Relief Concerning Compliance Condition

The Byrne JAG statute permits the Attorney General to require, in connection with an application for funding under the Byrne JAG program, a certification that "the applicant will comply with all provisions of this part and all other applicable Federal laws." 34 U.S.C. § 10153(a)(5)(D).

The Attorney General defended his FY2018 "compliance conditions" (i.e., the conditions requiring a certification of compliance with 8 U.S.C. §§ 1373 and 1644) on the basis that Sections 1373 and 1644 qualified as "applicable federal laws."

This Court rejected that argument, concluding that Sections 1373 and 1644 were facially unconstitutional and thus were not "applicable Federal laws." *City of Chicago v. Sessions*, 321 F. Supp. 3d 855, 875-876 (N.D. Ill. 2018); *City of Chicago v. Barr*, 405 F. Supp. 3d 748, 762-763 (N.D. Ill. 2019). The Court of Appeals affirmed the Court's conclusion, but on different grounds. *See City of Chicago*, 961 F.3d at 898-899. Rather than reaching the constitutional question, the Court held that the phrase "applicable Federal laws" includes only those laws that "apply by their terms to the award itself." *Id.* at 899; *see also id.* at 909. The Attorney General thus lacked the authority to impose the compliance conditions, because neither Section 1373 nor Section 1644 applies specifically to grants or grantees. *See id.* at 901.

In light of that conclusion, the Court of Appeals remanded "for the district court to consider whether any additional injunctive relief is appropriate as to the unlawful imposition of the compliance condition." *City of Chicago*, 961 F.3d at 911. In particular, the Seventh Circuit concluded that there is "no doubt that the Attorney General intends to continue to interpret § 10153 as allowing the incorporation of federal laws unrelated to the grant or grantees" and that, as a result "proper relief in this case could include an injunction preventing the Attorney General from incorporating federal law unrelated to grants or grantees as a condition of the grant under § 10153." *Id.* at 912.

The parties agree that the first paragraph under the header "Permanent Injunction" of this Court's final judgment and order (ECF No. 86) should be modified to reflect the Seventh Circuit's conclusion that 34 U.S.C. § 10153(a)(5)(D)'s reference to "all applicable Federal laws" does not encompass laws that do not expressly apply to federal grants or grant recipients. The parties cannot,

however, propose a full set of modifications to that paragraph until the second issue raised in the Seventh Circuit's decision is addressed. The parties therefore propose to revisit the proper framing of the injunctive relief once the scope questions described in the next section are resolved.

The parties additionally wish to address whether any modification to the first paragraph under the header "Declaratory Relief," which declares "that 8 U.S.C. §§ 1373 and 1644 violate the Tenth Amendment's anticommandeering principles and are therefore facially unconstitutional" is necessary in light of the Seventh Circuit's decision. The Seventh Circuit did not reach the constitutionality of sections 1373 and 1644, instead noting that "we need not address the district court's compelling analysis of that Tenth Amendment issue, because we hold that the term 'all other applicable federal law' cannot be construed so broadly as to encompass § 1373.'" *City of Chicago*, 961 F.3d at 898. Chicago's FY 2018 complaint, however, included a standalone challenge to the constitutionality of both provisions, which Chicago contends was not mooted by the Seventh Circuit's resolution of the application of those provisions as conditions on Byrne JAG grants. The federal government contends that the Court's constitutional holding should not remain in effect because an adequate, non-constitutional ground for the same result is readily available. The parties therefore propose the following briefing schedule:

- October 2, 2020: Chicago to file a brief of no more than 10 pages explaining why the Court's declaration that sections 1373 and 1644 are unconstitutional should remain in effect.

- October 23, 2020: The Attorney General to file a response of no more than 10 pages.

## B. Modifications To Injunction Concerning Calculation Of Chicago's Byrne JAG Award

This Court's final judgment expressly "run[s] to the benefit of all Byrne JAG applicants and recipients" and is "not limited to the City of Chicago and its sub-grantees." ECF No. 86 at 4.

However, this Court also stayed its injunction "as to all Byrne JAG grantees other than the City of Chicago and its sub-grantees" pending the Seventh Circuit's final judgment on appeal, noting that "the stay shall terminate automatically if the Seventh Circuit issues a final judgment … that affirms the nationwide application of the FY 2017 injunction." *Id.*

The Court of Appeals decision, as modified on June 4, 2020, was explicit that "the imposition of the conditions" should be enjoined "to the extent necessary to ensure that Chicago receives the grant award that it would be entitled to if the unlawful conditions were not imposed." *City of Chicago*, 961 F.3d at 929. Because the Court understood that the nationwide injunction "is necessary to provide complete relief to Chicago itself, the concern with improperly extending relief beyond the particular plaintiff does not apply, and therefore there is no reason to stay the application of the injunctive relief." *Id.* at 932; *see also City of Chicago v. Barr*, 957 F.3d 772, 821 (7th Cir. 2020) (original April 30, 2020 decision of the Seventh Circuit, containing the same language).

Despite the Court's understanding that the "interrelated and interdependent" nature of awards under the Byrne JAG program necessitated nationwide relief, *id.* at 929-930, it nonetheless instructed this Court to provide the Attorney General the opportunity to show that he could calculate the City of Chicago's Byrne JAG award "as if the challenged conditions were universally inapplicable to all grantees." *Id.* at 930. The parties therefore propose the following briefing schedule:

- October 2, 2020: The Attorney General to file a brief of no more than 10 pages explaining (1) whether he can calculate the City of Chicago's Byrne JAG award as if no grantee or potential grantee were subject to the unlawful conditions; (2) if so, how that calculation would work; and (3) why the Attorney General believes that this approach suffices to meet the requirements set forth in the Seventh Circuit's decision.

- October 23, 2020: Chicago to file a response of no more than 10 pages.

-4-

September 11, 2020.

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Charles E.T. Roberts
CHARLES E.T. ROBERTS
Pennsylvania State Bar No. 326539
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20001
Tel: (202) 305-8628
Fax: (202) 616-8470
E-mail: charles.e.roberts@usdoj.gov
*Counsel for Defendants*

Respectfully Submitted,

MARK A. FLESSNER
Corporation Counsel of the City of Chicago

ANDREW W. WORSECK
Chief Assistant Corporation Counsel

By /s/ Justin A. Houppert
JUSTIN A. HOUPPERT
Senior Assistant Corporation Counsel
30 N. LaSalle Street, Suite 800
Chicago, IL 60602
(312) 744-0468

JAMIE S. GORELICK (*pro hac vice*)
DAVID W. OGDEN (*pro hac vice*)
ARI HOLTZBLATT (*pro hac vice*)
JUSTIN BAXENBERG (*pro hac vice*)
MOLLY JENNINGS (*pro hac vice*)
ARI EVANS (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

DEBO P. ADEGBILE (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

RONALD S. SAFER
MATTHEW C. CROWL
NICK KAHLON
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700

*Attorneys for the City of Chicago*