**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CITY OF CHICAGO,

                **Plaintiff,**

      **v.**

MERRICK B. GARLAND, in his
official capacity as Attorney
General of the United States,

                **Defendant.**

**Case No. 18 C 6859**

**Judge Harry D. Leinenweber**

## ORDER

The Parties' Joint Motion for Indicative Ruling (Dkt. No. 173) is granted.

## STATEMENT

Defendant Merrick B. Garland (the "Attorney General") and Plaintiff the City of Chicago ("Chicago") jointly move the Court for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3). Specifically, the Parties seek an indicative ruling on a proposed Joint Motion to Amend the Final Judgment entered on February 5, 2021, which is currently on appeal before the Seventh Circuit. The Parties explain that the entry of the proposed Second Amended Final Judgment would settle the remaining disputes on the merits of this case. For the reasons stated herein, the Motion is granted.

This case arises out of Chicago's challenges to certain notice, access, and compliance conditions attached to Byrne JAG funds. (Dkt. No. 1.) On September 19, 2019, the Court granted Chicago's Motion for Summary Judgement in part and dismissed the

remaining counts as moot. *City of Chicago v. Barr,* 405 F.Supp. 3d 748 (N.D. Ill. 2019). The Court concluded that the JAG Grant requirement in 34 U.S.C. § 10153 that applicants certify compliance with "all other applicable Federal laws" could not include 8 U.S.C. §§ 1373 and 1644 because these statutes violate the Tenth Amendment's anti-commandeering principle. *Id.* at 762-63. On October 10, 2019, the Court entered its Final Judgment. (Dkt. No. 86.)

The Attorney General appealed the Court's Final Judgment to the Seventh Circuit. *City of Chicago v. Barr,* 961 F.3d 882 (7th Cir. 2020). In June 2020, the Seventh Circuit concluded that the requirement that JAG applicants certify compliance with "all other applicable Federal laws" cannot be construed so broadly as to encompass 8 U.S.C. §§ 1373 and 1644. *Id.* at 898-902. Because the Seventh Circuit was able to resolve the certification challenge on statutory grounds, it avoided the Constitutional question of whether 8 U.S.C. §§ 1373 and 1644 violated the Tenth Amendment. *Id.* at 898. On remand, the Court was instructed to, among other things, modify the Final Judgment to remove its previously held constitutionality conclusion. *Id.* at 931. The Court entered the Amended Final Judgment on February 5, 2021. (Dkt. No. 128.) On April 5, 2021 the Attorney General filed a notice of appeal as to the Amended Final Judgment. (Dkt. No. 136.) That appeal remains pending before the Seventh Circuit.

The Attorney General's notice of appeal of the Final Judgment "confer[red] jurisdiction on the [Seventh Circuit] and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). As a result, at this time only the Seventh Circuit has jurisdiction to amend the Amended Final Judgment in this case. Rule 62.1, however, provides a procedure by which this

Court may indicate that it would modify the Amended Final Judgment that is currently on appeal. Under Rule 62.1, if a party makes a motion that the Court "lacks authority to grant" because of a pending appeal, "the [C]ourt may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a). If the Court indicates that it would grant the motion or that the motion raises a substantial issue, the Seventh Circuit may remand the case for further proceedings. FED. R. APP. P. 12.1(b).

Here, the Parties seek an indicative order providing that, if the case were remanded, the Court would grant a Joint Motion to Amend the Amended Final Judgment. The Parties' ask the Court to make three changes to the Amended Final Judgment: (1) clarify that the judgment "does not preclude the Attorney General from requiring applicants to provide a general certification that they will comply with applicable federal law and does not confer independent authority on a recipient of grant funds to use them in a manner that violates federal law" (Mot. at 3, Dkt. No. 173); (2) strike the declaration that the Attorney General violated the constitutional separation of powers and replace it with language stating that the Attorney General exceeded his delegated authority (*Id.* at 3-4); and (3) include language that this Second Amended Final Judgment is not appealable. (*Id.* at 4.)

After review of the Parties' proposed revisions, the Court concludes that these changes do not modify or otherwise change the substance of this Court's or the Seventh Circuit's prior rulings. In addition, entry of these revisions will settle the open disputes regarding the merits and bring the Parties one step closer to reaching a final resolution, which serves the interest of judicial efficiency. For these reasons, if the Seventh Circuit remanded

this case pursuant to Federal Rule of Appellate Procedure 12.1(b), the Court would grant a Joint Motion to Modify the Amended Final Judgment as requested by the Parties.

Harry D. Leinenweber, Judge
United States District Court

Dated: 1/11/2022